UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
T&T FRESH PRODUCE CORP.                 :

            Plaintiff,                  :     ORDER SCHEDULING
                                                    SETTLEMENT CONFERENCE
  -v.-                                                  :
                                                    24 Civ. 10021 (MMG) (GWG)

65 BURNSIDE MEAT MARKET CORP. et al.,   :

           Defendants.                 :
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      A settlement conference by video is scheduled for Monday, May 19, 2025, at 2:30 p.m. Counsel must read the Court's "Standing Order Applicable to Video Settlement Conferences Before Judge Gorenstein," which is attached and is incorporated herein by reference.  <u>Upon receipt of this Order, each counsel is directed to confirm with all other counsel that they have received a copy of this Order</u>.

      The Court will provide the login information for the video session (using the Teams platform).  If the login information has not been provided by the date settlement submissions are due as stated in paragraph 3 of the Standing Order, the parties shall email the Court at the address provided in that paragraph to remind the Court of its omission.

      The parties are directed to pay particular attention to paragraph 6 of the Standing Order, which sets forth who must participate in the conference.  As noted therein, corporations (and any other party that is not a natural person) must have in attendance the person responsible for <u>giving</u> settlement authority within the organization participate in the conference — not someone who has received authority from another person.  In addition, if an insurer has any role in approving a settlement, the representative of the insurer who has responsibility for authorizing settlement must <u>also</u> participate in the conference.  Attorneys are responsible for ensuring that the appropriate individuals participate.

All participants must participate from a quiet and private location inside a building and be logged into the conference for its duration.

The parties should also note that paragraph 3 of the Standing Order requires certain written submissions, which must be received by the Court and opposing counsel no later than midnight <u>four</u> business days before the conference: that is May 13, 2025.  These submissions cannot be sent to the Court by means of the ECF system.  Also, attorneys must ensure that their client and insurer, if any, have read the other side's submission prior to the conference.

Under paragraph 8 of the Standing Order, counsel are <u>required</u> to seek a change in the date of the conference if an adjournment would permit a party to obtain information that would make the conference more fruitful.  The parties should follow the instructions in paragraph 8 to seek any change in date.

If a party intends to raise a lack of financial resources as a basis for its settlement position or its position as to the timing of any settlement payment, the party must comply with the procedures in paragraph 9 of the Standing Order.

Plaintiff shall <u>make a settlement demand to defendant (or reaffirm any prior demand)</u> no later than 14 days prior to the conference.  Defendant shall inform plaintiff of its response to the demand no later than 7 days prior to the conference.  If either party fails to comply with this requirement, the opposing side must promptly remind that party of its failure to comply.[1]

Any party seeking to change the procedures required by this Order should make an application promptly by letter filed on ECF and must include the views of all other parties as to the proposed change.  Such a letter must be sent separately from the letter required by paragraph 3.

---

[1] Parties are reminded that demands and responses must include all material non-monetary elements, and that such non-monetary elements should be reflected in the portion of the letter required by paragraph 3 that describes past settlement discussions.  Additionally, any monetary offers made before or during the settlement conference are assumed to be offers to pay within 30 days unless the party specifically states otherwise.  In this regard, please read paragraph 9 of the Standing Order carefully.

SO ORDERED.

Dated: May 8, 2025
New York, New York

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF NEW YORK

GABRIEL W. GORENSTEIN
UNITED STATES MAGISTRATE JUDGE

## Standing Order Applicable to Video Settlement Conferences Before Judge Gorenstein

1. Settlement conferences form no part of the record. All communications made as part of the conference process are strictly confidential and may not be used for any purpose either in this litigation or elsewhere.

2. Judge Gorenstein will function as a mediator, attempting to help the parties reach agreement on terms of settlement. This process requires that counsel and their clients be both prepared for the conference and candid with the Court. The Court expects to hold only one settlement conference.

3. **No later than four business days before the conference,** the Court and opposing counsel must be in receipt of a letter from counsel for each party marked prominently "Confidential Material For Use Only at Settlement Conference," setting forth succinctly (normally in fewer than 8 pages) the following: (1) A discussion of the relevant facts and applicable law, with an emphasis on the issues most pertinent to settlement -- including a discussion of liability and, if appropriate, of damages in the event liability were established. If non-monetary relief is sought in addition to or instead of money damages, the parties should set forth their positions as to the provision of such relief. (2) The history of settlement discussions, if any, including any prior offers or demands. (It is normally unhelpful for a party to state in this letter its final settlement position.) This letter must be received by opposing counsel and the Court no later than midnight four business days before the settlement conference. <u>Counsel must immediately provide a copy of the opposing party's letter to their client and/or insurer and also must ensure prior to the conference that the client/insurer has read the other side's letter.</u>

   This letter, along with the "Acknowledgment Form" that appears following this Standing Order, shall be sent to the Court by email to: GorensteinSettlement@nysd.uscourts.gov
   Do not use this email address for any other purpose. For example, any application relating to the conference must be made by a letter filed on ECF.

4. At the settlement conference, counsel for each side will be expected to make a succinct presentation (usually 10-20 minutes) with all other counsel and parties present at the conference summarizing the issues they believe are important for the client and/or insurer of the other side to consider for purposes of formulating a settlement position. The Court prefers that counsel not use slideware products. The purpose of the presentation is to address and persuade the opposing party, not the Court. Thus, it is usually (1) unnecessary to recount in full the background of the dispute and (2) helpful to discuss issues raised in the opposing party's confidential settlement letter. After the initial statements, counsel may respond and may also have their clients speak if that is desired. Any documents discussed at the conference must either have been provided to the other side at least five business days before the conference or consist of documents that are in the possession of the other side already.

5. Following the presentations, the Court will meet separately with each side in a private session. In these meetings, the parties and their counsel must be prepared to inform the Court of the amount of attorneys' fees and expenses incurred to date, and an estimate of the remaining costs (including attorney's fees) of litigating the case to judgment, including any appeal.

6. The presence of each party (that is, the client), in addition to the party's lawyer, is essential to the settlement process. Also, if an insurance company has any role in approving a settlement, the decisionmaking representative of the carrier must participate <u>in addition to the insured</u>. Because it is important that the decisionmakers on settlement hear their adversaries' presentations and be available to

answer questions from the Court, the person who participates must be the person with ultimate responsibility for determining the amount of any settlement. That is, <u>corporations (and any other party that is not a natural person) and insurers must bring to the conference the person ultimately responsible within the organization for **giving** settlement authority, not someone who has received authority from someone else.</u> If a party believes that the individuals scheduled to participate in the conference on behalf of that party's adversary do not comply with this requirement, that party shall immediately confer with the adverse party and inform the Court by letter promptly if no resolution is reached. (In cases where the City Comptroller has authority over settlement, the Assistant Corporation Counsel shall arrange in advance of the conference for a representative of the Comptroller either to attend the conference or to be available by telephone.)

All participants must participate from a quiet location inside a building and be logged into the conference for its duration.

If a party does not speak fluent English, the party must arrange for the participation of an experienced <u>simultaneous</u> interpreter. (A consecutive interpreter is not acceptable; also, the attorney on the case may not serve as the interpreter). Simultaneous interpreters are readily available in the commercial marketplace at reasonable rates. Counsel should call Chambers if there is any difficulty in securing an interpreter. If the client and the interpreter will not be in the same room, the simultaneous interpreter must have a separate telephone (or video) link with the client so that only responses in English are heard and the translation cannot be heard. Thus, both the client and the interpreter will need two devices.

7.  If a party fails to have all of the required persons participate in the settlement conference – that is, the attorney, plus the client (which, for a non-individual means a decision-making employee of the client as described in paragraph 6, above), plus the decision-making representative from the insurance carrier (if applicable), plus an interpreter if needed – that party may be required to reimburse all of the other parties for their time, and may face other sanctions.

8.  If counsel becomes aware of the need or potential need for a change in the date of the conference, counsel must make an application for the change as soon as counsel is aware of such need. If the application is made more than 14 days in advance of the conference, no cause need be provided. Otherwise, counsel must provide reasons for seeking the change in date. In addition, the parties are <u>required</u> to seek a change in date or an adjournment <u>sine die</u> if an adjournment would permit discovery or exchange of information that would make the conference more fruitful. To seek a new date within 45 days of the originally-scheduled date, contact Chambers at (212) 805-4260 to obtain an alternative available date and time. Counsel must thereupon immediately consult with all other counsel as to counsel's <u>and their clients' and insurers'</u> availability on such date. The party must then file a letter on ECF forthwith requesting the new date and time and indicating that it is agreed to by all parties. If the party wishes to postpone by more than 45 days, an adjournment <u>sine die</u> should be sought by letter, should provide the position of each party as to the request, and should specify an approximate time period when the conference should be held. <u>Note</u>: the scheduled conference date is not changed unless counsel are informed that the written application to change the date has been granted.

9.  If a defendant intends to claim that its financial situation is relevant to any potential or actual settlement offer (either based on the amount offered or a proposal to pay any portion in more than 30 days), the defendant shall inform plaintiff of this fact no later than 14 days before the conference. The parties should then discuss whether plaintiff seeks proof of such claim and whether the defendant is willing to provide such proof, which must be provided in advance of (not during) the conference. A summary of any discussions on this topic shall be included in the letters required under paragraph 3.

10. The scheduling of a settlement conference has no effect on any deadlines or other pending obligations in the case.

<u>ACKNOWLEDGMENT FORM</u>

Complete this form (please print or type) or its equivalent, sign it, and send it (for receipt no later than midnight four business days prior to the conference) (1) to all other attorneys who will be participating in the conference and (2) to Judge Gorenstein.  <u>Please read the certifications below carefully as your signature indicates your compliance with them</u>.

**Name of Case:**     **T&T Fresh Produce Corp. v. 65 Burnside Meat Market Corp. et al**
**Docket Number:**   **24 Civ. 10021 (MMG) (GWG)**

I acknowledge that my client and I must participate in a settlement conference on Monday, May 19, 2025, at 2:30 p.m.

1.      I am attorney for _____
_____[state name of party or parties].

2.      (For corporate or other non-individual clients): The name and title of the representative(s) of my client who will participate in the conference is:_____
_____
Name/title of insurance representative [if any]:_____
_____

3.      <u>I certify that the person participating in the conference is the person with ultimate responsibility for determining the settlement amount: that is, the person responsible for giving settlement authority, not someone who has received authority from another person.  In addition, if there is an insurance carrier with authority over settlement, a representative from such carrier in charge of giving settlement authority will participate.</u>

4.      <u>I certify that I will promptly supply a copy of opposing counsel's settlement letter to all persons participating in the conference, and I will ensure that each person has read opposing counsel's letter prior to the conference.</u>

5.      <u>I certify that I have read both the Court's Order scheduling this conference as well as the "Standing Order Applicable to Video Settlement Conferences Before Judge Gorenstein."</u>

                                                                                    _____
                                                                                    [signature of attorney]

                                                                                    _____
                                                                                    [print attorney's name]